# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| REBECCA FORD-ALLEMAND, Individually and For Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>PIEDMONT NATURAL GAS COMPANY, INC.,<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>     Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Rebecca Ford-Allemand ("Allemand") brings this lawsuit to recover unpaid overtime wages and other damages from Piedmont Natural Gas Company, Inc. ("Piedmont") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111.01, 4111.03 and 4111.10, ("the Ohio Wage Act"), the Ohio Prompt Pay Act O.R.C. §4113.15 ("the OPPA") (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

2. Piedmont paid Allemand and its other hourly workers an hourly expense reimbursement[1] and daily per diem. These payments represented compensation that is primarily for the benefit and convenience of Allemand and Piedmont's other hourly employees. The FLSA and the Ohio Acts require this type of compensation be included in the calculation of hourly workers' regular

---

[1] Piedmont also referred to these hourly payments as equipment pay or vehicle pay.

1

rates for overtime purposes. Because the expense reimbursement and per diem were not included in calculating these workers' regular rates of pay, Piedmont's hourly workers were not properly compensated at a rate of one-and-one-half times their regular rates–as defined by the FLSA and Ohio Acts–for all hours worked in excess of 40 hours in a single workweek.

3. Allemand brings this class and collective action to recover the unpaid overtime wages and other damages owed to herself and other hourly workers like her.

## JURISDICTION & VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District. Allemand worked for Piedmont in this District in Hamilton County.

## PARTIES

7. Allemand worked for Piedmont from August 2018 until November 2018 as a Safety Specialist.

8. Allemand's written consent to this action is attached as Exhibit A.

9. Allemand brings this action on behalf of herself and all other similarly situated hourly workers under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). Piedmont subjected the Putative Class to the same FLSA violations as Allemand, and such a class is properly defined as:

> **All hourly employees who worked for, or on behalf of, Piedmont in the United States who were paid a per diem and/or expense reimbursement in the past three (3) years.** ("FLSA Workers").

2

10. Allemand also seeks class certification of a class under FED. R. CIV. P. 23 under the Ohio Wage Acts, defined as follows:

> **All hourly employees who worked for, or on behalf of, Piedmont in Ohio and who were paid a per diem and/or expense reimbursement in the past three (3) years.** ("Ohio Workers").

11. The identities of the FLSA Workers and the Ohio Workers can be readily ascertained from Piedmont's records.

12. Collectively, the FLSA Workers and the Ohio Workers are referred to as the Hourly Workers.

13. Defendant Piedmont Energy is a North Carolina corporation and may be served through its registered agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

14. Throughout Allemand's employment, Piedmont paid her and other workers like her an expense reimbursement and/or per diem.

### COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Piedmont was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Piedmont was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times Piedmont has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

18. At all relevant times, Piedmont has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials (including tools, flashlights, smart phones/devices, computers, etc.) that have been moved in or produced for commerce.

19. Piedmont's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

20. At all relevant times, Allemand and FLSA Workers were engaged in commerce or in the production of goods for commerce or were employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce

21. Piedmont uniformly applied its policy of paying its workers, including Allemand, a purported per diem and/or expense reimbursement for expenses normally incurred by an employee for his or her own benefit,

22. Piedmont did not include these purported per diem and/or expense reimbursements as part of the regular rate for purposes of calculating overtime.

23. Piedmont applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

24. By failing to include these payments in its regular rate calculations for overtime purposes, Piedmont violated (and continues to violate) the FLSA's requirement that it pay employees overtime compensation at one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek.

25. As a result of this policy, Allemand and the FLSA Workers do not receive overtime as required by the FLSA.

26. Piedmont's uniform compensation scheme of paying its workers a per diem and/or expense reimbursement that is not included in Piedmont's regular rate calculations for overtime purposes is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

27. Piedmont is an American electric power holding company operating throughout the United States.

28. Allemand worked for Piedmont in Cincinnati, Ohio from August 2018 until November 2018 as a Safety Specialist.

29. Piedmont paid Allemand by the hour during the relevant time period.

30. Piedmont typically scheduled Allemand and the Hourly Workers for 10 to 12-hour shifts for up to 7 days a week for weeks at a time.

31. Indeed, Allemand and the Hourly Workers often worked more than 12 hours in a day.

32. As a result, Allemand worked anywhere from 70 to 84 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

33. In addition to her hourly rate, Piedmont paid Allemand approximately $105.00 each day she worked that was intended to reimburse her for things like lunch, rent, and other normal everyday expenses.

34. Piedmont also paid Allemand approximately $16.00 each hour she worked that was intended to reimburse her for her equipment and approximately $4.00 each hour she worked that was intended to reimburse her for her vehicle.

35. The per diem and expense reimbursements were intended to reimburse Allemand and the Hourly Workers for expenses she normally incurred for her own benefit and convenience.

36. For example, for the pay period beginning on October 29, 2018 and ending November 4, 2018, Piedmont paid Allemand a daily per diem of $105.00/day, hourly equipment reimbursement of $16.00/hour, and hourly vehicle allowance of $4.00/hour:

| Company | Pay Period | Pay Freq | Assignment | Wage Code | Units | Rate | Gross Wages |
|---|---|---|---|---|---|---|---|
| Piedmont Natural Gas | 10/29/2018 - 11/04/2018 | Weekly | 41164 | Overtime Wages | 18.00 | 49.20 | 885.60 |
| Piedmont Natural Gas | 10/29/2018 - 11/04/2018 | Weekly | 41164 | Regular Wages | 40.00 | 18.80 | 752.00 |
| Piedmont Natural Gas | 10/29/2018 - 11/04/2018 | Weekly | 41164 | Per Diem | 6.00 | 105.00 | 630.00 |
| Piedmont Natural Gas | 10/29/2018 - 11/04/2018 | Weekly | 41164 | Mileage | 592.00 | 0.545 | 322.64 |
| Piedmont Natural Gas | 10/29/2018 - 11/04/2018 | Weekly | 41164 | Equipment | 40.00 | 16.00 | 640.00 |
| Piedmont Natural Gas | 10/29/2018 - 11/04/2018 | Weekly | 41164 | Vehicle Allowance | 40.00 | 4.00 | 160.00 |

37.     But Piedmont did not include the per diem and/or expense reimbursement when calculating Allemand's and the Hourly Workers' regular rate for overtime purposes.

38.     Because the per diem and expense reimbursements were not used to reimburse Allemand and the Hourly Workers for expenses they incurred in the furtherance of Piedmont's interest or benefit, those payments are actually disguised wages.

39.     The per diem and expense reimbursements should be included in the regular rate calculations for overtime purposes.

40.     As such, Allemand and the Hourly Workers were not properly compensated as one-and-one-half times her regular rate – as defined by the FLSA – for all overtime worked in excess of 40 hours in a single workweek.

**CAUSE OF ACTION**
**FLSA VIOLATIONS**

41.     Allemand realleges and incorporates by reference all allegations in preceding paragraphs.

42.     At all relevant times, Piedmont was an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

43.     Piedmont employed Allemand and the FLSA Workers.

44.     Piedmont's pay policy denied Allemand and the FLSA Workers overtime compensation at the legal overtime rates required by the FLSA.

6

45. Specifically, Piedmont violated, and is violating, Section 7 of the FLSA by failing to include the per diem and expense reimbursement in the calculation of the regular rate for overtime purposes. 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.217(d).

46. As such, Piedmont has failed to properly pay Allemand and the FLSA Workers overtime wages at one-and-one-half times their regular rates for all hours worked in excess of 40 hours per workweek.

47. Piedmont's failure to pay Allemand and the FLSA Workers proper overtime violated the FLSA.

48. Piedmont knew, or showed reckless disregard for whether, its conduct violated the FLSA.

49. Allemand and the FLSA Workers are entitled to recover their unpaid overtime compensation in an amount equal to the difference between the proper overtime rates and the rates actually paid, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and expenses of this action from Piedmont.

### OHIO ACTS VIOLATIONS

50. Allemand realleges and incorporates by reference all allegations in preceding paragraphs

51. Allemand brings this claim under the Ohio Acts as a Rule 23 class action.

52. The conduct alleged above violates the Ohio Acts.

53. At all relevant times, Piedmont was subjected to the requirements of the Ohio Acts.

54. At all relevant times Piedmont was an "employer" as defined by the Ohio Acts.

55. At all relevant times, Piedmont employed Allemand and the Ohio Workers as "employees" within the meaning of the Ohio Acts.

56. The Ohio Acts requires employers like Piedmont to pay employees at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours in any one week. Allemand and the Ohio Workers are entitled to overtime pay under the Ohio Wage Acts.

57. Piedmont's failure to pay Allemand and the Ohio Workers overtime at rates not less than one-and-one-half times their proper regular rates violates the Ohio Acts.

58. Allemand and the Ohio Workers seek unpaid overtime in an amount equal to the difference between the proper overtime rates and the rates actually paid, liquidated damages in an amount equal to 6% of their unpaid overtime wages or $200, whichever is greater, for each pay period Piedmont failed to promptly pay them proper overtime wages, prejudgment interest, and such other legal and equitable relief as the Court deems just and proper.

59. Allemand and the Ohio Workers also seek recovery of attorneys' fees, costs, and expenses of this action, as provided by the Ohio Acts.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

60. Allemand incorporates all previous paragraphs and alleges that the illegal pay practices Piedmont imposed on Allemand were likewise imposed on the Hourly Workers.

61. Numerous employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Ohio Acts. Many of these employees have worked with Allemand and the Hourly Workers have reported that their hourly regular rate did not include the per diem and/or expense reimbursements for overtime purposes. Even if their precise job titles may differ, the Hourly Workers are all victims of Piedmont's unlawful compensation practices and are similarly situated to Allemand in terms of *relevant* job duties, pay provisions, and employment practices.

62. Allemand and the Hourly Workers receive per diem and/or expense reimbursements for expenses normally incurred for their own benefits, but Piedmont does not include these payments in the calculation of regular rates for overtime purposes.

63. The Hourly Workers regularly work or have worked in excess of 40 hours during a workweek.

64. The per diem and expense reimbursements do not fall within the few and narrow regular rate exclusions of the FLSA or the Ohio Acts.

65. Piedmont's failure to include the per diem and expense reimbursements into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on personal circumstances of the Hourly Workers.

66. The job specific titles or precise job responsibilities of the individual Hourly Workers do not prevent class or collective treatment.

67. All the Hourly Workers, irrespective of their particular job requirements, are entitled to overtime compensation at the minimum rate of one-and-one-half their regular rates of pay – as defined by the FLSA and the Ohio Acts – for all hours worked in excess of 40 hours in a single workweek.

68. Although the exact amount of damages may vary among the Hourly Workers, the damages can be easily calculated by the same or similar formula because all hours worked by the Hourly Workers were recorded by a time-keeper and reflected in Piedmont's records.

69. Allemand has no interests contrary to, or in conflict with, the Hourly Workers that would prevent class or collective treatment.

70. Like each Putative Class Member, Allemand has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

71. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

72. Absent a class and collective action, many Hourly Workers will not obtain redress of their injuries, and Piedmont will reap the unjust benefits of violating the FLSA and the Ohio Acts.

73. Further, even if some of the Hourly Workers could afford individual litigation against Piedmont, it would be unduly burdensome to the judicial system.

74. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Hourly Workers, as well as provide judicial consistency.

75. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

76. Among the common questions of law and fact are:

   a. Whether Piedmont employed the Hourly Workers within the meaning of the FLSA and the Ohio Acts;

   b. Whether Piedmont's decision to exclude the per diem and/or expense reimbursement payments from the calculation of regular rates for overtime purposes violated the FLSA and the Ohio Acts;

   c. Whether Piedmont's violations of the FLSA and the Ohio Acts were made in good faith;

   d. Whether Piedmont's violations of the FLSA and the Ohio Acts were willful; and

   e. Whether Piedmont's illegal pay practices applied to all Hourly Workers.

77. Allemand and the Hourly Workers sustained damages arising out of Piedmont's illegal and uniform pay policy.

78. Allemand knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

79. Piedmont's illegal pay policy uniformly deprived Allemand and the Hourly Workers of the premium overtime wages they are owed under federal and Ohio law.

80. There are many similarly situated Hourly Workers who have been denied overtime pay in violation of the FLSA and the Ohio Acts who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

81. Notice of this lawsuit should be sent to the FLSA Workers pursuant to 29 U.S.C. § 216(b).

82. The Court should certify the claims under the Ohio Acts as a class under Rule 23 comprised of the Ohio Workers;

83. The Hourly Workers are known to Piedmont, are readily identifiable, and can be located through Piedmont's records.

84. In sum, Piedmont's failure to include the per diem and/or expense reimbursements into the calculation of the Hourly Workers' regular rates for overtime purposes results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Hourly Workers.

85. Thus, Allemand's experiences are typical of the Hourly Workers' experiences.

## JURY DEMAND

86. Allemand demands a jury trial.

## PRAYER

WHEREFORE, Allemand, individually and on behalf of the Hourly Workers, respectfully requests that this Court grant the following relief:

   a. An order allowing the FLSA claims in this lawsuit to proceed as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Workers to permit them to join this action by filing a written notice of consent;

   b. An order allowing the Ohio Acts Claims in this lawsuit to proceed as a class action under Federal Rule of Civil Procedure 23 comprised of the Ohio Workers;

c. Judgment against Piedmont awarding Allemand and the Hourly Workers all their unpaid overtime compensation and, liquidated damages pursuant to the FLSA and the Ohio Acts;

d. An order awarding Allemand and the Hourly Workers attorneys' fees, costs, and expenses pursuant to the FLSA and the Ohio Acts;

e. Pre- and post-judgment interest at the highest applicable rates allowed by law; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,


/s/ Jason R. Bristol
**Jason R. Bristol** (0072989)
**COHEN ROSENTHAL & KRAMER LLP**
3208 Clinton Avenue
Cleveland, OH 44113
216-815-9500 [Telephone & Facsimile]
jbristol@crklaw.com

**Andrew Dunlap**
Texas Bar No. 24078444
(*pro hac vice pending*)
**Taylor A. Jones**
Texas Bar No. 24107823
(*pro hac vice pending*)
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com
tjones@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*pro hac vice pending*)
**Michael K. Burke**
Texas Bar No. 24012359
(*pro hac vice pending*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mburke@brucknerburch.com


**ATTORNEYS FOR PLAINTIFF**